Howell, J.
This is a proceeding by mandamus to compel the Board of Liquidators to fund a certain promissory note for two hundred thousand dollars, with eight per cent, interest, made by the Governor of the State on twenty-seventh February, 1872, under section two of act No. 12 of 1872, and secured by a pledge of forty warrants *661 of five thousand dollars each, issued ljy the State Auditor under said section ; said note principal and interest being subject, as alleged, to a credit of $120,000, amount of bonds received in exchange for said warrants under act No. 3 of 1874, known as the “Funding act.”
The defense is that there is no law authorizing the funding of said note, such evidence of the State’s obligation's not being specified in the third section of the said funding act, and the warrants issued for the same debt having been funded by the relator, the entire obligation of the State for the said debt of $200,000 is by the provisions of said act merged in the bonds exchanged therefor, and further that there is no law authorizing interest to be paid on said debt.
The writ of mandamus can issue only to compel the performance of a ministerial duty and the question (conceding that the note evidences an existing debt) is, does the law make it the duty of the liquidators to exchange the bonds authorized by act No. 3 of 1874 for anything but the bonds of the State, and certain warrants specified in section 3?
A careful reading of the said act constrains us to answer the question in the negative.
Section three of said act is the only part thereof that confers authority to make such exchange, and it designates only “ all valid outstanding bonds of the State and all valid warrants drawn previous to the passage of this act by the respective Auditors of Public Accounts of the State on the treasurer thereof, except warrants issued by the Auditor in payment ot the constitutional officers of the S ate, at the rate of sixty cents in consolidated bonds for one dollar in outstanding bonds and all valid warrants.” The. words “ bonds” and “ warrants” are here repeated to leave no doubt as to the object of the law, and the proviso which immediately follows, declares “ that the holder of any bond or valid warrant rejected by a majority of said board may apply by petition to the proper court for relief, and if final judgment shall be rendered in his favor against said board, it shall be the duty of said board to fund his said claim in bonds at the rate provided by this act.” Only the holders of outstanding bonds and valid warrants can appeal to the courts for relief. And lest there should be any doubt, section five declares “ that the consolidated bonds herein authorized .shall be held and used by said board of liquidation only for the purpose of exchange as aforesaid,” that is for the outstanding bonds and valid warrants.
Sections 12 and 13 invoked by the relator refer to other subjects and not to the duty of funding, and we are not authorized to enlarge the objects and purposes of the act, especially where the language is so clear and explicit. To do so would be legislation on our part.
We have only to apply the law as it is in all its provisions, and we *662 •must say that the relator having voluntarily accepted its terms and taken sixty per cent, of its whole claim against the State by funding the warrants held by it, the purpose of the act as to said debt has been attained and the whole and only debt of the State due to the relator in this transaction has been funded and the indebtedness of the State, pro tanto, has been reduced and restricted, as section thirteen, invoked by relator, declares is the intent and object of the act.
Any other construction of the said act in this case would give the relator an advantage over other creditors of the State, who may choose to accept the terms of the act.
Judgment affirmed.
Rehearing refused.